IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| AVERY BRADFORD, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Case No. 5:25-cv-23-TES-AGH |
| | : |
| WARDEN TIMOTHY SALES, *et al.*, | : |
| | : |
| Defendants. | : |
| | : |

### ORDER AND RECOMMENDATION

*Pro se* Plaintiff Avery Bradford, an inmate at Macon State Prison in Oglethorpe, Georgia, filed a Complaint (ECF No. 1) and a prison trust fund account statement that will be liberally construed as a request for leave to proceed *in forma pauperis* ("IFP") (ECF No. 2). For the following reasons, Plaintiff may proceed IFP in this action, but it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED without prejudice** for failing to state a claim upon which relief may be granted.

### MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff first seeks leave to proceed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(a). Plaintiff's submissions demonstrate that he is presently unable to pay the cost of commencing this action. He may therefore proceed without prepayment of the filing fee.

However, a prisoner allowed to proceed *in forma pauperis* must still pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are

not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I.  Directions to Plaintiff's Custodian

Plaintiff is required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated. It is **ORDERED** that the warden of the institution in which Plaintiff is incarcerated, or the sheriff of any county in which he is held in custody, and any successor custodians, shall each month cause to be remitted to the clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is authorized to forward payments from the prisoner's account to the clerk of court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account

continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## II.     Plaintiff's Obligations on Release from Custody

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody. Plaintiff must pay those installments justified by the income in his prisoner trust account while he was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## PRELIMINARY SCREENING OF PLAINTIFF'S COMPLAINT

## I.     Standard of Review

The PLRA directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). Courts must also screen complaints filed by a plaintiff proceeding IFP. 28 U.S.C. § 1915(e). Both statutes apply in this case, and the standard of review is the same. "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to

state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (citations omitted). A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

II.   Factual Allegations

Plaintiff's Complaint arises from his present incarceration at Macon State Prison ("MSP") beginning on November 23, 2024 and continuing through the date he signed his Complaint, on or about January 7, 2025. Compl. 5-6, ECF No. 1. Plaintiff claims that prison officials failed to provide him with "bedding and clothing appropriate for the temperature[,]" including "a coat, long johns, sweatshirt, boxe[r]s, T shirts, socks, [and] blank[et]s." *Id.* at 5. Plaintiff states he should have been issued these items when he entered the facility and allowed to exchange them every six months thereafter. *Id.* Because prison officials failed to provide him with these items, his family was forced to "sen[d] clothing into the facility." *Id.* He also got sick when he had to "do without clothing for the winter months[,]" and he was charged a fee for visiting sick call. *Id.* Plaintiff names MSP Warden Timothy Sales, MSP

Deputy Warden of Administration Desire Jones, MSP clothing coordinator Tyson, and MSP chief counselor Walker as Defendants and seeks monetary damages as a result of the alleged constitutional violations he describes. *Id.* at 1, 4, 6.

III. Plaintiff's Claims

Plaintiff's allegations about his clothing and bedding are a challenge to the conditions of his confinement under the Eighth Amendment. *See, e.g., Helling v. McKinney*, 509 U.S. 25, 32 (1993) (citation omitted) (observing that State is obligated to care for inmates' "basic human needs," to include adequate clothing and shelter). This type of claim has both objective and subjective components. *Christmas v. Nabors*, 76 F.4th 1320, 1331 (11th Cir. 2023). To state a claim, an inmate must first show that the deprivations he suffers are objectively and sufficiently "serious" or "extreme" to constitute a denial of the "minimal civilized measure of life's necessities." *Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010). This standard is only met when the challenged conditions present "an unreasonable risk of serious damage to [the prisoner's] future health or safety," *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (internal quotation marks omitted), or if society "considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk," *Helling*, 509 U.S. at 36.

To meet the subjective standard in a prison conditions case, a plaintiff must show that the prison official acted with deliberate indifference. *Thomas*, 614 F.3d at 1304; *Christmas*, 76 F.4th at 1331. To establish deliberate indifference, a plaintiff must plausibly allege that the defendant: (1) "was subjectively aware that the inmate

was at risk of serious harm"; (2) "disregarded that risk"; and (3) "acted with 'subjective recklessness as used in the criminal law.'" *Wade*, 106 F.4th at 1255 (quoting *Farmer v. Brennan*, 511 U.S. 825, 839 (1994)).

Plaintiff's allegations are too vague and conclusory to state an actionable Eighth Amendment claim. To determine whether an Eighth Amendment violation has occurred in this context, courts examine both the severity and duration of an inmate's exposure to heat or cold. *Chandler*, 379 F.3d at 1294. This is because "[a] condition which might not ordinarily violate the Eighth Amendment may nonetheless do so if it persists over an extended period of time." *Id.* (alteration in original) (quoting *Dixon v. Godinez*, 114 F.3d 640, 643 (7th Cir. 1997)). At the same time, however, "a prisoner's mere discomfort, without more, does not offend the Eighth Amendment." *Id.* Courts therefore require some specific facts to support an inmate's contention that the temperature of his cell amounted to cruel and unusual punishment rather than mere discomfort. *See, e.g., Chandler v. Baird*, 926 F.2d 1057, 1063 (11th Cir. 1991) (noting that inmate's "averments of a cold cell were supplemented by specifics: that the temperature was as low as 60 degrees, that it was 'ice cold,' that plaintiff slept on the floor and on occasion huddled with a roommate, sleeping between two mattresses"); *Dixon*, 114 F.3d at 644 (prisoner alleged that "ice persistently formed on the walls of the cells," "the extreme cold made it impossible to do such simple tasks as write a letter, or do legal work," and that conditions lasted for "several winters").

7

In this case, Plaintiff provides no specific facts regarding the severity and duration of the cold temperatures he experienced at MSP. It is not clear how low the temperatures in his cell were, how long he experienced those temperatures, what type of clothing and bedding were issued to him, or whether other factors—such as the prison's heating system—helped to mitigate the cold temperatures. *Dixon*, 114 F.3d at 644 (noting that other factors relevant to determining whether inmate suffered constitutional violation include "whether the prisoner has alternative means to protect himself from the cold; the adequacy of such alternatives; as well as whether he must endure other uncomfortable conditions as well as cold"). Plaintiff also fails to explain how the cold caused him to get sick or what his symptoms were. Absent more specific facts, the Court cannot conclude that the conditions in his cell were objectively serious or extreme enough to amount to a constitutional violation. *Mays v. Springborn*, 575 F.3d 643, 648 (7th Cir. 2009) (inmate failed to produce evidence sufficient to show objectively serious harm where he stated "that because he was never issued certain clothing items, he suffered from hurt ears and numb hands, felt frostbite, and caught colds" because he "did not show that he was forced to be in the cold for long periods of time or that he suffered anything more than the usual discomforts of winter"). These claims are thus subject to dismissal.

In addition, Plaintiff fails to plead facts sufficient to show a basis for holding the named Defendants liable for the alleged harm he suffered. Each of the Defendants appears to hold a supervisory role at the prison. *See* Compl. 1, 4. Supervisory officials cannot be held liable under § 1983 for the unconstitutional acts

of their subordinates based on *respondeat superior* or vicarious liability. *Christmas*, 76 F.4th at 1330. Rather, a supervisor can only be held liable under § 1983 "when he personally participates in those acts or when a causal connection exists between his actions and the constitutional deprivation." *Id.* A causal connection can be established if

> (1) "a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fail[ed] to do so"; (2) "the supervisor's improper custom or policy le[d] to deliberate indifference to constitutional rights"; or (3) "facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so."

*Hendrix v Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (alterations in original) (quoting *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008)). "The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." *Id.* (quoting *Doe v. Sch. Bd. of Broward Cnty.*, 604 F.3d 1248, 1266 (11th Cir. 2010)).

Plaintiff does not allege that any named Defendant personally refused to provide him with adequate clothing or bedding.[1] He also fails to plead any facts related to a history of similar issues, any improper customs or policies regarding the issue of clothing or bedding, or any Defendant's knowledge that his or her subordinates were acting unlawfully. Plaintiff therefore fails to state an actionable claim against any of the named Defendants. *Douglas*, 535 F.3d at 1321-22

---

[1] Though Plaintiff describes Defendant Tyson as the MSP "clothing coordinator[,]" and Plaintiff also alleges he "fill[ed] out [a] clothing request and sent [it] to the clothing office[,]" he does not allege that Defendant Tyson received this request or personally denied Plaintiff any article of clothing or bedding. Compl. 4.

(dismissal of defendants appropriate where plaintiff failed to allege facts associating defendants with a particular constitutional violation); *Piazza v. Jefferson Cnty.*, 923 F.3d 947, 958 (11th Cir. 2019) (prisoner failed to state supervisory liability claim where he failed to "point to other instances" of similar unconstitutional conduct, "allege any facts indicating that [supervisors] were on notice of the officers' alleged deliberate indifference," or pleaded any facts related to the policies or customs that led to constitutional violations). And his claims are subject to dismissal for this reason.

## CONCLUSION

Based on the foregoing, Plaintiff motion for leave to proceed *in forma pauperis* is granted, but it is **RECOMMENDED** that Plaintiff's claims be **DISMISSED without prejudice**.[2]

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the Honorable Tilman E. Self, III, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the

---

[2] A dismissal without prejudice means that a plaintiff may refile his claims if they are dismissed by the United States District Judge.

10

provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO ORDERED AND RECOMMENDED** this 31st day of March, 2025.

                                       s/ *Amelia G. Helmick*
                                       UNITED STATES MAGISTRATE JUDGE